E-FILED
Friday, 15 August, 2008  02:50:28 PM
Clerk, U.S. District Court, ILCD

## IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROCKIES EXPRESS PIPELINE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08-3127 |
| | ) | |
| 77.620 acres more or less, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

Plaintiff Rockies Express Pipeline LLC ("REX") filed a Motion to Confirm Condemnation of Pipeline Right-of-Way [d/e 377]. The motion is granted.[1]

REX, a natural gas pipeline company, is constructing a pipeline through Missouri, Illinois, Indiana, and Ohio. The Federal Energy Regulatory Commission ("FERC") has granted REX a Certificate of Public

---

[1]The Court also grants REX's motion for leave to file an oversized brief [d/e 378].

Convenience and Necessity ("FERC Certificate"), *see* 15 U.S.C. § 717f(c),

which confers certain rights of condemnation:

> When any holder of a certificate of public convenience and
> necessity cannot acquire by contract, or is unable to agree with
> the owner of property to the compensation to be paid for, the
> necessary right-of-way to construct, operate, and maintain a
> pipe line or pipe lines for the transportation of natural gas, and
> the necessary land or other property, in addition to right-of-
> way, for the location of compressor stations, pressure apparatus,
> or other stations or equipment necessary to the proper
> operation of such pipe line or pipe lines, it may acquire the
> same by the exercise of the right of eminent domain in the
> district court of the United States for the district in which such
> property may be located, or in the State courts.

15 U.S.C. § 717f(h).

When a FERC Certificate holder seeks condemnation, the district

court's jurisdiction is "limited to evaluating the scope of the FERC

Certificate and ordering condemnation as authorized by that certificate."

*Guardian Pipeline, LLC v. 529.42 Acres of Land*, 210 F. Supp. 2d 971, 974

(N.D. Ill. 2002) (citations omitted).  Since courts of appeals have exclusive

2

jurisdiction over objections to FERC certificates, 15 U.S.C. § 717r(b), a district court's role is "mere enforcement," *Guardian Pipeline, LLC*, 210 F. Supp. 2d at 974 (citing *Tenn. Gas Pipeline Co. v. Mass. Bay Transp. Auth.*, 2 F. Supp. 2d 106, 110 (D. Mass. 1998)).

Condemnation proceedings in the district court are governed by Federal Rule of Civil Procedure 71.1. *N. Border Pipeline Co. v. 64.111 Acres of Land in Will County, Ill.*, 344 F.3d 693, 694 (7th Cir. 2003). Typically, courts bifurcate such proceedings, first determining whether the party has a legal right to condemn and then determining compensation. *See, e.g., Hardy Storage Co., LLC v. An Easement to Construct*, 2006 WL 1004719, *2 (N.D.W. Va. Apr. 12, 2006). The motion before this court seeks only confirmation of REX's legal right to condemn the subject property.

The majority of the defendants remaining in this case (large numbers of them have been dismissed) have either not appeared or, if they did appear, failed to raise any objections as required under Rule 71.1(e)(2) (providing that a defendant's answer "must . . . state all the defendants objections and defenses to the taking"). REX is entitled to confirmation

with respect to this group.

A few defendants have appeared and raised objections, though none responded to this motion.  These defendants include: (1) Robert A. Craycroft (two tracts); (2) Be-Mac Farms (one tract); (3) Paul McDonald (one tract); (4) Harold McDonald, Patricia McDonald, David McDonald, and Steven McDonald (one tract); and (5) Dorothy Bruntjen, Gail White (Bruntjen), Rise Shears, Carol Reubner, John Bruntjen, and Michael Bruntjen (one tract).[2]  In their Answer [d/e 298], these defendants appear to raise two objections.

First, they assert that the pipeline is unsafe and reduces the value of adjoining property.  The proper forum for these public safety objections to the pipeline design lies with FERC; this Court lacks jurisdiction.  *See* 15 U.S.C. § 717r.  As for any valuation issues, these aspects can be explored in the compensation phase.

Second, defendants claim that "plaintiff has refused to negotiate on

_____

[2]A number of other defendants were initially included in this category but REX has moved to dismiss them pursuant to Rule 71.1(i)(1)(A).  Thus, they are not included here.

4

the issue of damage to adjoining property or any accommodation of the present and future drainage needs of the affected farms. . . ." Defs.' Answer ¶ 8 [d/e 298]. However, even assuming that good faith negotiation is a prerequisite, *Guardian Pipeline, L.L.C.*, 210 F. Supp. 2d at 973 (describing requirement as a "judicial gloss"), a proposition that many courts have rejected, *see Guardian Pipeline, L.L.C. v. 295.45 Acres of Land*, 2008 WL 1751358, *14 (E.D. Wis. April 11, 2008) (collecting cases), the mere tender of an offer may suffice, *id.* at *17 (citing *Transcon. Gas Pipe Line Corp. v. 118 Acres of Land*, 745 F. Supp. 366, 369 (E.D. La. 1990)). As such, REX has complied with any good faith requirements.

Ergo, REX's motions [d/e 377, 378] are GRANTED, and this Court hereby confirms the condemnation of the pipeline right-of-way.

IT IS SO ORDERED.

ENTERED:                              August 15, 2008

FOR THE COURT:                  /s Judge Richard Mills
                                             United States District Judge

5