IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ROCKIES EXPRESS PIPELINE LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 08-3127 |
| | ) | |
| 77.620 acres more or less, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

**OPINION**

RICHARD MILLS, U.S. District Judge:

Rockies Express again moves for dismissal of two defendants [d/e 429, 430].

Previously, the motions were brought under Rule 71.1(i)(1)(A). The Court denied them because Rockies Express had previously acquired possession of the subject properties.

Rockies Express now moves under two different provisions.

First, it seeks to dismiss James Paluska and Tract IL-SA-025.000 pursuant to Rule 71.1(i)(1)(B), which allows dismissal by stipulation.

Although this rule contains some language similar to Rule 71.1(i)(1)(A), it allows dismissal by stipulation at any time "[b]efore a judgment is entered vesting the plaintiff with title or a lesser interest in or possession of the property . . . ." *See* Advisory Committee Notes to Fed. R. Civ. P. 71.1, Original Report (stating that "[f]reedom of dismissal is accorded, where both the condemnor and condemnee agree, up to the time of the entry of judgment vesting plaintiff with title."). Although this Court has entered a preliminary injunction, it has not entered a judgment. As such, dismissal under this provision is GRANTED [d/e 429] and may, in fact, proceed without court order.

Second, Rockies Express moves to dismiss Marine Bank of Springfield pursuant to Rule 71.1(i)(2), which allows for dismissal of "unnecessarily or improperly joined" parties. That motion is also GRANTED [d/e 430].

<u>Ergo</u>, the motions to dismiss [d/e 429, 430] are GRANTED.

IT IS SO ORDERED.

ENTERED:                                          February 26, 2009

FOR THE COURT:                          /s Judge Richard Mills
                                                          United States District Judge